UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MADELEINE DIXON,** | CIVIL ACTION |
| **VERSUS** | NO.   24-950 |
| **TAQUERIA LA 20 L.L.C., ET AL.** | SECTION: "R" (3) |

## ORDER

Before the Court is Plaintiff Madeleine Dixon's unopposed Motion to Set Attorneys' Fees.[1] Having reviewed the briefing, the record, and the applicable law, the Court will grant the Motion for the reasons set forth below.

### I.   Background

Plaintiff, Madeleine Dixon, filed this lawsuit under the Fair Labor Standards Act, 29 U.S.C. § 207, and the Louisiana Wage Payment Act, La. R.S. 23:631 et seq.[2] Dixon, a former employee, sued Taqueria LA 20, L.L.C. (doing business as and herein after referred to as "Mucho Mas") and Mucho Mas's registered agent, officer, and manager, Shawn Toups, for alleged unpaid and underpaid wages.[3]

On February 6, 2025, the Court held a status conference with the parties to discuss Ms. Dixon's pending Motion to Compel Initial Disclosures.[4] Defendants were unable to provide an explanation for why initial disclosures remain outstanding

---

[1] R. Doc. 29.
[2] *Id.*
[3] *Id.*
[4] R. Doc. 27.

1

despite having been granted an extension of time in which to provide them.[5] The Court granted Plaintiff's motion, ordered Defendants to produce initial disclosures by February 25, 2025, and awarded Plaintiff's attorneys' fees pursuant to Rule 37 (a)(5) and Local Rule 54.2.[6]

Ms. Dixon seeks $1,100.00 in attorneys' fees for 4.0 hours of work directly connected to the Motion to Compel.[7] Although the fee demand has not been challenged, the undersigned has reviewed it for reasonableness in the interest of justice.

## II. Standard of Law

"The calculation of attorney's fees involves a well-established process." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). "First, the court calculates a 'lodestar' fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers." *Id.* (quoting *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995)). Second, courts consider whether to adjust the lodestar amount. *See id.* "There is a strong presumption that the lodestar award" is a reasonable fee. *Hoenninger v. Leasing Enterprises, Ltd.*, 2023 WL 5521058, at *2 (5th Cir. Aug. 25, 2023) (citing *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1044 (5th Cir. 1999). Still, courts must consider the *Johnson* factors to determine whether to adjust the lodestar. *Hoenninger*, 2023 WL 5521058, at *2 (discussing *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717–

---

[5] *Id.*
[6] *Id.*
[7] R. Doc. 29-1. at 2.

19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989)). "The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account." *Heidtman*, 171 F.3d at 1043 (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 319–20 (5th Cir. 1993)).

### III.  Lodestar Amount

#### A.  Reasonable Hourly Rates

"'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n.11. "An attorney's requested hourly rate is prima facie reasonable when she requests that the lodestar be computed at her 'customary billing rate,' the rate is within the range of prevailing market rates and the rate is not contested." *White v. Imperial Adjustment Corp.*, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (citing *Louisiana Power & Light Co.*, 50 F.3d at 328).

Ms. Dixon seeks fees on behalf of her counsel Andrea M. Agee of the Workplace Justice Project Stuart H. Smith Law Clinic & Center for Social Justice at an hourly rate of $275.00.[8] Ms. Agee has over eleven years of experience in employment

---

[8] R. Doc. 29-1 at 2.

litigation and practices in Louisiana state and federal district courts.[9] Ms. Agee provides a supporting affidavit and also notes that this Court previously awarded her attorneys' fees at a rate of $275.00 per hour.[10]

The Court finds that Ms. Agee's hourly rate of $275.00 for her work on the Motion to Compel Initial Disclosures is reasonable. Ms. Agee's experience, case law in this District, and the supporting affidavit support this conclusion. *Gilmore v. Audubon Nature Inst., Inc.*, 353 F. Supp. 3d 499, 509-10 (E.D. La. 2018) (determining $275.00 to be reasonable hourly rate for an two attorneys, each with 16 years of experience, and finding $275.00 to represent "a reasonable blending of various other hourly rates awarded in other cases [in the Eastern District of Louisiana]." ); *Grant v. Gusman*, No. CV 17-2797, 2023 WL 315937, at *13 (E.D. La. Jan. 19, 2023) (reducing the requested hourly rate of an attorney with 11 years of experience from $350 to $275); *MGMTL, L.L.C. v. Strategic Tech. Inst., Inc.*, No. CV 20-2138, 2023 WL 9229133, at *11 (E.D. La. Dec. 4, 2023) (finding $275 per hour to be a reasonable rate for an attorney with 11 years of experience.).

## B.   Hours Expended

The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "Counsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and

---

[9] R. Doc. 29-2.
[10] *Id.*

otherwise unnecessary[.]" *Id.* at 434. The party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 n.15 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)). Fee requests must thus demonstrate "billing judgment." *Id.* The remedy for failing to exercise billing judgment is to exclude from a fee award hours that were not reasonably expended. *Id.* Courts may do so either by "reduc[ing] the hours awarded by a percentage" or via line-by-line analysis of the movant's billing. *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)); *Green v. Administrators of Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002), *overruled on other grounds by Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006)).

Ms. Agee submitted time sheets detailing 7.10 hours of work in connection to the Motion to Compel.[11] In an effort to exercise billing judgment, Ms. Agee seeks compensation for only 4.0 hours of work.[12] The Court's review of the timesheet confirmed there was a thorough accounting of work performed in connection with the Motion to Compel. Furthermore, the fee request demonstrated satisfactory billing judgment through elimination of nearly half of the time spent on the motion. The remaining time sought, 4.0 hours, is a reasonable amount of time to seek in

---

[11] R. Doc. 29-1 at 3.
[12] *Id.*

connection with a motion to compel. *Kingsbery v. Paddison*, No. CV 20-3192, 2022 WL 393564, at *2 (E.D. La. Feb. 9, 2022) (finding 8.5 hours on three motions, including 3 hours on a motion to compel, is "not unreasonable"); *Tasch, Inc. v. Unified Staffing & Assocs., Inc.,* No. CV 02-3531, 2003 WL 23109790, at *7 (E.D. La. Dec. 30, 2003) (reducing hours requested for bringing a motion to compel from 9.5 hours to 6 hours.

### C.   The *Johnson* Factors

After calculating the lodestar, the court may make an upward or downward adjustment if warranted by the *Johnson* factors. *See Johnson*, 488 F.2d at 717–19. The *Johnson* factors are:

> (1) time and labor required, (2) novelty and difficulty of the issues, (3) skill required to perform the legal services properly, (4) preclusion of other employment, (5) customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by client or circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10) undesirability of the case, (11) nature and length of the professional relationship with the client, and (12) award in similar cases.

*Id.* As noted above, the lodestar is presumed to yield a reasonable fee. *Louisiana Power & Light Co.*, 50 F.3d at 324.  The lodestar should thus be modified only in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)). Finally, "to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required." *Migis*, 135 F.2d at 1047.

The Court finds that the Lodestar amount is reasonable and finds that no further reduction or enhancement is required. The *Johnson* factors were subsumed

in the above calculation of the lodestar or are inapplicable here.

## IV.   Conclusion

For these reasons,

**IT IS ORDERED** that the Motion to Set Attorney's Fees (R. Doc. 29) is **GRANTED,** and that Plaintiff is hereby awarded a total of $1,100.00.

New Orleans, Louisiana, this 26th day of February, 2025.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE